**CV-09 4600**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BENJAMIN NELSON on behalf of himself and
all others similarly situated

                Plaintiff,

-against-

TAKHAR COLLECTION SERVICES, LTD.

                Defendant.

-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y



★ OCT 26 2009 ★

LONG ISLAND OFFICE

**SEYBERT, J.**

**LINDSAY, M.**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Benjamin Nelson seeks redress for the illegal practices of Takhar Collection Services, Ltd. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Upon information and belief, Takhar Collection Services, Ltd. is a New York corporation with its principal place of business located in Ontario, Canada.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Benjamin Nelson*

9.  Upon information and belief, on a date better known to Defendant, Defendant began attempting to collect an alleged debt owed by Plaintiff.

10. Upon information and belief, Defendant left several telephone messages on Plaintiff's voicemail in or about June, 2009.

11. One such message stated substantially as follows: "Hello this message is for Benjamin Nelson to call the office at (??) Takhar of the Takhar Group. 1 866 408 extension 675. And this is an important business matter that does require your immediate attention and I will require a return phone call by 5 p.m. today."

12. Said message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

13. Defendant left another message on Plaintiff's voicemail which was pre-recorded.

14. Said message substantially stated as follows: "1 866 408 8299. Failure to return this phone call may result in a decision in your file without your input. Once again, we require a return call from you between the office hours of eight thirty am and five pm Eastern Standard Time. Our number again is 1 866 408 8299."

15. Said message is implies that if Plaintiff fails to return the phone call, consequences which are not in the best interest of the Plaintiff can result.

16. Upon information and belief, it is the policy of Defendant to merely transfer the account back to the original creditor after a set period of time of unsuccessful attempts to collect a debt.

17. Said message contains false threats because it implies that significant consequences can result from the failure to pay the debt, while the only realistic consequence would be that the Defendant would merely return the account to the original creditor.

18. Said message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(11) for failing to set forth message was a communication from a debt collector, 1692e(10) for engaging in deceptive practices and 1692e(5) for engaging in false threats.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

19. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if set forth fully in this cause of action.

20. This cause of action is brought on behalf of plaintiff and the members of a class.

21. The class consists of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

22. The class exists consisting of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives containing implied false threats similar to the message left for the plaintiff in or about June, 2009 (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(11), 1692e(10) and 1692e(5).

23. A sub-class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the prior message left for the plaintiff in or about June, 2009 as set forth above (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the telephone messages (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

25. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Collection messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

28. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

29. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
October 22, 2009

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)